# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20017-BLOOM/Louis

EVETTE CARINA SANCHEZ,

    Plaintiff,

v.

NORDSTROM, INC.,

    Defendant.

    _____/

## ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. [3] (the "Motion"). The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*In forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 84 Fed. Reg. 1167 (Feb. 1, 2019). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

Plaintiff swears in her affidavit that she earns $1,500.00 per month and has savings of $487.45, in addition to a vehicle valued at $500.00. ECF No. [3]. Plaintiff also states that she has a total of $1,044.50 in monthly expenses and no dependents to support. *See id*. Upon review of the 2019 HHS poverty guidelines, and after examining Plaintiff's financial situation, the Court determines that Plaintiff does not qualify as indigent under § 1915 to proceed *in forma pauperis* and is required to pay the required filing fee.[2]

---

[2] The 2019 HHS Poverty Guidelines specify that for a family of one, the applicable annual income must be below $12,490.00. According to the Motion, Plaintiff's annual income is $18,000.00, and Plaintiff retains $455.50 per month after monthly expenses.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [3]**, is **DENIED.**

2. Plaintiff must pay the required filing fee no later than **January 9, 2020**. Failure to comply with this Order will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Evette Carina Sanchez, *pro se*
1800 Sans Souci Blvd.
Apt. 105
Miami, Florida 33181