UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20017-BLOOM/Louis

EVETTE CARINA SANCHEZ,

    Plaintiff,

v.

NORDSTROM, INC.,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Nordstrom, Inc.'s Motion to Compel Arbitration and Stay Proceedings, ECF No. [18], filed May 15, 2020. To date, Plaintiff Evette Carina Sanchez has failed to file a response to the Motion, notwithstanding the Court's June 1, 2020 Order, ECF No. [22], instructing her to do so.

Under Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S. D. Fla. L. R. 7.1(c). Failure to respond to arguments in a motion to compel arbitration is a sufficient basis to grant the same. *See Joseph v. Nanak's Landscaping, Inc.*, No. 07-20519, 2007 WL 1238591, at *1 (S.D. Fla. Apr. 27, 2007) (granting the defendant's motion to compel arbitration and stay proceedings where the plaintiff failed to file a response, notwithstanding a court order to do so). In any event, the Court evaluates Defendant's Motion on the merits.

*Pro se* Plaintiff is a former Nordstrom, Inc. employee. *See* Compl. ¶ 6 Plaintiff brings seven claims against Defendant: violations of Title VII of the Civil Rights Act and the Equal Pay Act (Counts I–V); sexual harassment in violation of Title VII of the "Equal Opportunity

Employment Act of 1964"[1] (Count VI); and violation of the Fair Labor Standards Act (Count VII). *See* generally Compl.

In the Motion, Defendant argues that Plaintiff's claims are subject to a Dispute Resolution Agreement ("DRA"), ECF No. 18-1 21–24,[2] which "includes a mutual agreement to arbitrate any claims arising from the employee's employment." Mot. 3. The DRA, submitted with Defendant's Motion, states:

> This Agreement is intended to apply to the resolution of past, present and future disputes that otherwise would be resolved in a court of law and requires that all such disputes be resolved only by an arbitration through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. **The Agreement applies without limitation to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, discrimination, retaliation (including retaliation under the Employee Retirement Income Security Act of 1974) or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964**, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and other state and local statutes, addressing the same or similar subject matters, and all other state statutory and common law claims. Such disputes also include without limitation disputes arising out of or relating to the interpretation or application of this Agreement. However, this Agreement does not apply to disputes regarding the enforceability, revocability or validity of the Agreement or any portion of the Agreement. Such disputes can be resolved only by a court of competent jurisdiction.

DRA. 21. (emphasis added). Defendant contends, and Plaintiff has failed to dispute, the Federal Arbitration Act and the Florida Arbitration Code require Plaintiff to arbitrate her claims pursuant to the DRA. *See* Mot. 5. The Court agrees with Nordstrom "[w]hen a litigant refuses to arbitrate a dispute that falls within the scope of a valid arbitration agreement, an order compelling arbitration is mandatory." *Id.* (alteration added); *see also Anderson v. Am. Gen. Ins.*, 688 F. App'x 667, 669 (11th Cir. 2017) ("Under the Federal Arbitration Act, arbitration agreements are valid, irrevocable,

---

[1] The Court assumes Plaintiff refers to the Equal Opportunity Employment Act of 1972.

[2] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears as a header on all filings.

and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." (citation and internal quotation marks omitted)).  Becuase there is no dispute concerning the validity of the DRA, it is

**ORDERED AND ADJUDGED that** Defendant, Nordstrom, Inc.'s Motion to Compel Arbitration and Stay Proceedings, ECF No. **[18]** is **GRANTED** and the case is **STAYED** pending arbitration of Plaintiff's claims.  The Clerk of the Court is instructed to **CLOSE** the case and Defendant's Motion to Stay Deadline to File Joint Scheduling Report, ECF No. **[19]** is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Evette Carina Sanchez
1800 Sans Souci Blvd.
Apt 105
Miami, FL 33181